GEORGE ROCHAT *vs.* LAFAYETTE EMMETT.

July 13, 1886.

**Mortgage—Description of Land—Plat.**—In the platting of *Rice & Irvine's* addition to St. Paul, lots 9 and 10, in block 51, as platted, consisted in part of lands not properly embraced in that plat or addition, but which were subsequently and properly platted as a part of *Dayton & Irvine's* addition. The plat of Rice & Irvine's addition having been for many years kept in the office of the register of deeds, recognized and treated as a record of that office, *held,* that a mortgage of "lots 9 and 10, in block 51, in Rice & Irvine's addition to St. Paul, according to the recorded plat thereof," sufficiently described *the whole* of these two lots, the mortgagor being the owner of the same, although a portion of the property was a part of Dayton & Irvine's addition.

The plaintiff brought this action in the district court for Ramsey county, to determine the defendant's adverse claim of title to certain property in plaintiff's possession, and described in the complaint as "lots 9 and 10, in block 51, of Dayton & Irvine's and Rice & Irvine's additions to the city of St. Paul, in the county and state aforesaid, according to the recorded plats thereof on file in the office of the register of deeds in and for said county and state." The answer denied plaintiff's title to lots 9 and 10 in block 51 of Dayton & Irvine's addition, and alleged title in the defendant. The action was tried by *Wilkin,* J., who found, among other facts, that prior to 1854 certain persons, claiming to own the land therein embraced, laid out and

platted Rice & Irvine's addition to St. Paul; that a portion of the lots 9 and 10 in block 51 of Rice & Irvine's addition, as shown on the plat, did not belong to those making the plat; that subsequently in 1854 Dayton & Irvine's addition to St. Paul was laid out, adjoining Rice & Irvine's addition, and including the portion of lots 9 and 10 in block 51 in Rice & Irvine's addition which did not belong to those platting that addition, and such portion was indicated on the plat of Dayton & Irvine's addition as lots 9 and 10 in block 51. Both of the above plats were filed in the office of the register of deeds of Ramsey county, and for many years prior to 1872, and since, have been used, treated, and recognized as a part of the records of that office. In 1872, the defendant, being the owner of all the land indicated on the plat of Rice & Irvine's addition as lots 9 and 10 in block 51, executed and delivered a mortgage upon "lots 9 and 10 in block 51 in Rice & Irvine's addition to Saint Paul, according to the recorded plat thereof, the same being the homestead of the parties of the first part." This mortgage was duly foreclosed, and plaintiff has acquired the title passed by such mortgage and foreclosure. Upon these facts the court ordered judgment for plaintiff, from which defendant appeals.

*Berryhill & Davison,* for appellant.

*Gordon E. Cole,* for respondent.

DICKINSON, J. The principal controversy here is whether the description of the premises in the mortgage from the defendant, in 1872, and through which the plaintiff's title is derived, was sufficient to embrace that part of the two lots described in the complaint which is included in, and is properly a part of, Dayton & Irvine's addition. The description in the mortgage is: "Lots 9 and 10, in block 51, in Rice & Irvine's addition to St. Paul, according to the recorded plat thereof, the same being the homestead of the parties of the first part." This description was sufficient to embrace the whole of these two lots. The defendant, owning the property, had power to convey it by such terms of description as he might select, provided the description designated the land intended to be conveyed with certainty, or so that it could be ascertained with certainty.

It may be conceded, without impairing the sufficiency of this de-

scription, that the persons platting Rice & Irvine's addition never owned that part of the platted property west of the section line, and which was afterwards included in the Dayton & Irvine's plat, and that their acts were ineffectual as a statutory platting.  The sufficiency and extent of the grant by the defendant's mortgage did not depend upon the granted premises being with propriety or rightfully included in the plat of Rice & Irvine's addition.  It was enough, for the purpose of designating the granted property, that it was described with certainty by reference to the plat of that addition which had for many years been in the office of the register of deeds, in the custody of that officer, and used, treated, and recognized as a part of the records of that office, there being no other plat of such addition. That plat included the property in question, and it was there delineated as lots 9 and 10, in block 51.  It is unnecessary to resort to the further designation of the property, as being the homestead of the mortgagor, in aid of the description.

The eighth, ninth, and tenth assignments of error relate to the disposition of such surplus of the proceeds of the foreclosure sale as might have remained after satisfying so much of the debt as was then due, and to the validity of the statute relating to that subject. This is not relevant to any question involved in this case.  This property was sold, in proceedings duly conducted under the statute for the foreclosure of the mortgage, in 1879, and no redemption has ever been made from the sale.  The plaintiff holds the title acquired by that foreclosure sale.  Whether the mortgagee was justified in applying the proceeds of the sale to the satisfaction of the entire debt, although it was not all yet due, is a question which does not affect the title in controversy.

Judgment affirmed.