*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0877**

Larry Grimlie,
Appellant,
Linda Grimlie, Plaintiff,

vs.

AgStar Financial Services, FLCA,
Respondent.

**Filed December 27, 2016
Affirmed
Stauber, Judge**

Wright County District Court
File No. 86-CV-15-5799; 86-CV-15-6186

Larry Grimlie and Linda Grimlie, Monticello, Minnesota (pro se appellants)

David J. Meyers, Benjamin B. Bohnsack, Rinke Noonan, St. Cloud, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Worke, Judge; and Bratvold, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

Appellant challenges the district court's dismissal of their foreclosure-based claims, arguing that the foreclosure is void because respondent failed to strictly comply with statutory requirements. We affirm.

## FACTS

In 1982, appellant Larry Grimlie and his wife, plaintiff Linda Grimlie, purchased 80 acres of land in Wright County. In 1986, the Grimlies obtained a mortgage secured by the five acres of their land on which their homestead was located. The Grimlies did not formally split the land into two parcels and would be unable to make this division because Wright County required parcels in the general agriculture zoning district to be no less than 10 acres.

In 2002, the Grimlies obtained a mortgage from respondent AgStar Financial Services, FLCA, which was secured by the 75 acres that did not include their homestead. In 2004, Larry Grimlie filed for Chapter 7 bankruptcy, and included the AgStar mortgage in his schedule of debts. Larry Grimlie was not discharged from bankruptcy until October 2012.[1]

AgStar began its foreclosure proceedings in 2013.[2] A sheriff's sale was held on August 21, 2013, and the one-year redemption period ended on August 21, 2014. The Grimlies did not redeem the property. Following expiration of the redemption period, AgStar successfully asked Wright County to assign separate property identification numbers to a 70-acre parcel and an additional five-acre parcel surrounding the Grimlies' five-acre homestead property. This was necessary because AgStar could not sell the

---

[1] Grimlie's bankruptcy was prolonged due to allegations of fraudulent transfer. *Grimlie v. Georgen-Running*, 439 B.R. 710 (2010).
[2] AgStar's first foreclosure attempt was unsuccessful because the notice of intent to foreclose contained an error; the second successful attempt occurred eight months later.

property it acquired by foreclosure, as the Grimlies would then be left with a five-acre property, in violation of Wright County zoning ordinances.

AgStar began eviction proceedings against the Grimlies as to the 70-acre parcel. When the parties failed to agree to the transfer of the newly created five-acre parcel, the district court issued another eviction order directing the Grimlies to remove their personal property from AgStar's five-acre parcel. After the second hearing, the Grimlies filed a complaint and a petition for a temporary injunction prohibiting AgStar from selling the 70-acre parcel. AgStar offered to transfer the newly created five-acre parcel to Grimlies free of charge after the Grimlies' complaint was filed, but they refused to accept it.

The district court denied the Grimlies' motion for a temporary injunction in an April 4, 2016 order. A hearing on AgStar's motion to dismiss the Grimlies' complaint was held on February 3, 2016; the district court's order dismissing the Grimlies' complaint was reduced to judgment on April 5, 2016. This order is the subject of this appeal.

## D E C I S I O N

Although the district court analyzed this as a motion to dismiss for failure to state a claim under Minn. R. Civ. P. 12.02(e), it considered materials outside of the pleadings. "If, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented . . . , the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Minn. R. Civ. P. 12.02. Minn. R. Civ. P. 56.03 provides that a court shall grant summary judgment if the record and supporting affidavits demonstrate that there are no genuine issues of

3

material fact and either party is entitled to judgment as a matter of law. We review the district court's grant of summary judgment to determine whether there are genuine fact issues and whether the district court erroneously applied the law. *Larson v. Nw. Mut. Life Ins. Co.*, 855 N.W.2d 293, 299 (Minn. 2014).

## I.

Larry Grimlie argues that the district court erred by ruling that the Farmer-Lender Mediation Act (FLMA), Minn. Stat. §§ 583.20-.32 (2014), does not apply to their foreclosure. He raises two arguments: (1) AgStar failed to show that his annual income for the sale of agricultural products was less than $20,000; and (2) the district court contradicted itself by stating that the act did not apply, but cited to the act to support that conclusion.

The legislature enacted the FLMA to alleviate severe financial stress in the state agricultural sector. Minn. Stat. § 583.21. The FLMA applies to creditors which are either (1) the United States or one of its agencies; (2) corporations, partnerships, and other business entities; or (3) individuals. Minn. Stat. § 583.24, subd. 1(a). The FLMA also applies to (1) debtors who are individuals running a family farm; (2) a family farm corporation; or (3) an authorized farm corporation. *Id.*, subd. 2(a). It does not apply to debtors who own or lease fewer than 60 acres and have annual income of less than $20,000 from the sale of agricultural products. *Id.*, subd. 2(b). But the FLMA "does not apply to a debt . . . for which a proof of claim form has been filed in bankruptcy by a creditor or that was listed as a scheduled debt, of a debtor who has filed a petition in bankruptcy after July 1, 1987." *Id.*, subd. 4(1).

While Larry Grimlie and AgStar would fit within the list of covered creditors and debtors, the debt is not subject to mediation because Larry Grimlie included it as a scheduled debt in his bankruptcy petition and AgStar filed a proof of claim in that proceeding. Therefore, AgStar did not need to demonstrate that Larry Grimlie's annual farm income was less than $20,000 because the debt was not subject to mediation under this chapter. His argument that the district court contradicted itself by ignoring some provisions of the statute but relying on other provisions is meritless. "Every law shall be construed, if possible, to give effect to all its provisions." Minn. Stat. § 645.16 (2014). The district court could not have applied one section of the FLMA without considering all of the provisions governing applicability.

The fact of the bankruptcy filing is not disputed, and under the statute AgStar is entitled to judgment as a matter of law. The district court did not err by granting summary judgment on the issue of the relevancy of the FLMA.

**II.**

Larry Grimlie argues that AgStar failed to comply with the technical requirements of foreclosure by advertisement, specifically citing Minn. Stat. §§ 580.021, subd. 2; 582.039; and 582.043, subd. 2 (2014). The Grimlies did not raise the issue of failure to comply with section 582.039 in their complaint. Matters not raised or argued in the district court may not be raised for the first time on appeal. *Fontaine v. Steen*, 759 N.W.2d 672, 679 (Minn. App. 2009).

The Grimlies alleged in their complaint that AgStar did not comply with the requirements of Minn. Stat. § 580.02 (2014), which sets forth the basic requirements for

5

foreclosure by advertisement. Section 580.02 requires that (1) there is a default in a mortgage condition; (2) no other action to collect the debt has been maintained; (3) the mortgage has been recorded; (4) a notice of pendency has been recorded and the foreclosing party has complied with section 580.021; and (5) the foreclosing party has complied with section 582.043, if applicable. Minn. Stat. § 580.02. Larry Grimlie contests the last two requirements.

Under Minn. Stat. § 580.021, subd. 2, the foreclosing party must provide notice of foreclosure prevention counseling services. But this subdivision applies only to properties consisting of one to four family dwelling units, one of which is occupied by the owner as his or her principal residence. *Id.*, subd. 1 (2014). The property securing the mortgage here was agricultural land without a residential dwelling. Larry Grimlie argues that the entire 80-acre parcel included the homestead, thus making him eligible for mortgage-foreclosure requirements related to owner-occupied properties. But the portion of the property securing the mortgage was clearly described as a 75-acre portion of the entire property that did not include an owner-occupied dwelling. *See Bailey v. Galpin*, 40 Minn. 319, 321-22, 41 N.W. 1054, 1055 (1889) (stating that legal title to land can pass by deed if "the description is sufficient to identify the land"); *see also Rochat v. Emmett*, 35 Minn. 420, 421, 29 N.W. 147, 147 (1886) ("The [property owner] had power to convey it by such terms of description as he might select, provided the description designated the land intended to be conveyed with certainty, or so that it could be ascertained with certainty."). The legal description in the AgStar mortgage identified the property securing the mortgage to exclude the Grimlies' homestead acreage.

6

Minn. Stat. § 582.043, subd. 5, requires a mortgage servicer to notify a mortgagor about loss mitigation options, and to offer and evaluate loss-mitigation options upon application by a mortgagor. Again, this section applies only to owner-occupied residential real estate consisting of no more than four dwelling units, including the principal residence of the owner, and does not apply to this situation.

**Affirmed.**